**In re ESTATE OF George F. KORMAN, Protectee.**

**No. 70683.**

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1997.

Ann P. Hagan, Joseph E. Maxwell, Mexico, for appellant.

Randall O. Barnes, David G. Edwards, Jefferson City, for respondent.

GRIMM, Judge.

This is the second appeal to this court involving the guardianship proceedings of Mr. George Korman. Joseph Korman, Mr. Korman's brother, appeals the trial court's judgment, raising three points. Due to the death of Mr. Korman on March 1, 1997, two points are now moot.

The remaining point alleges that the trial court erred in appointing William Korman as limited guardian and limited conservator. Due to the amount of dissension in the Korman family, we agree. We reverse and remand with directions.

## I. Background

Mr. Korman, born January 19, 1917, never married and has no children. He has two living brothers and approximately fourteen nephews and nieces.

On April 29, 1993, Mr. Korman executed a durable power of attorney. In that document, he appointed Joseph[1] as his attorney.

About two weeks later, on May 14, 1993, Mr. Korman's nephew, Gerald Korman, filed a petition to have a guardian and conservator appointed for Mr. Korman. He alleged that Mr. Korman was incapacitated and disabled. Mr. Korman exercised his right to a jury trial. § 475.075.8(2).[2]

The jury returned verdicts on February 23, 1994, finding him partially disabled and partially incapacitated. It found that he had problems "processing mathematical calculations, such as maintaining a checkbook log to a great extent" and "difficulty analyzing financial transactions to a great extent." Also, it found that he had "moderate short-term memory loss" and "questionable judgment in his ability to care for himself unsupervised." Joseph does not challenge the sufficiency of the evidence to support those jury verdicts.

After the February 1994 jury verdict, the trial court held a hearing in April 1994 to determine who to appoint as the limited conservator and limited guardian. At the hearing, Mr. Korman testified that he preferred Joseph to be appointed as his limited conservator and limited guardian.

In a docket entry entered April 15, 1994, the trial court acknowledged that Mr. Korman's preferences were, in order, Joseph, Charlotte Rohlfing (a niece), Don Rohlfing, and Mark Korman. However, the trial court

---

1. We refer to individuals by their first names for ease of reading, and not out of disrespect.

2. While the jury trial was held in February 1994, before RSMo 1994 was in effect, the changes in the applicable statutes do not affect the outcome of this decision. Therefore, all statutory references are to RSMo 1994.

rejected Mr. Korman's "preference because of direct probable conflicts of interest, as was evident by evidence received at trial of cause in chief." It then appointed Mr. Korman's nephew William as temporary guardian and conservator and indicated it would review the matter on August 4, 1994.

On August 4, 1994, the trial court heard additional evidence. At that time, Mr. Korman again expressed his preference for his brother Joseph to be in charge of his affairs. Several of Mr. Korman's relatives also testified. Without detailing the evidence, suffice to say, substantial evidence was presented that turmoil and conflicts existed among Mr. Korman's two living brothers and some of their children.

The trial court took the matter under advisement and gave the parties ten days to submit proposed judgments. Mr. Korman's attorney proposed the trial court appoint the Public Administrator of Gasconade County. Joseph's attorney also proposed the public administrator; in the alternative, he asked that Joseph be appointed. Gerald's attorney proposed the trial court appoint William.

On August 24, 1994, the trial court entered a judgment notwithstanding the jury's verdict. That judgment found Mr. Korman totally incapacitated and disabled. In addition, in findings and conclusions, the trial court found that good cause existed not to appoint Joseph as guardian and conservator. That good cause included an adverse interest between Joseph and Mr. Korman's estate concerning potential claims to property. The trial court then appointed William guardian and conservator.

Joseph appealed. This court reversed the judgment entered notwithstanding the jury's verdict. *Matter of Korman*, 913 S.W.2d 416 (Mo.App. E.D.1996). We remanded the case to the trial court to enter a judgment consistent with the verdict. *Id.* at 419.

On February 15, 1996, the trial court entered a new judgment. The judgment declared Mr. Korman to be partially incapacitated and partially disabled in accordance with the jury verdicts rendered. The trial court found that Mr. Korman was in need of a limited guardian and limited conservator and appointed William as his limited guardian and limited conservator.

## II. Appointment of Limited Guardian and Limited Conservator

Joseph alleges the trial court erred in appointing William guardian and conservator. He contends that under § 475.050, he was entitled to be appointed because (1) Mr. Korman nominated him at the hearing, (2) Mr. Korman had previously appointed him his attorney in a durable power of attorney, and (3) he is Mr. Korman's closest relative. In the alternative, he contends that the family dissension and adverse interests require an impartial third party be appointed.

Section 475.050 provides the hierarchy for the trial court to follow in appointing a guardian or conservator. *Matter of Weissinger*, 720 S.W.2d 430, 434 (Mo.App. E.D. 1986); *Couch v. Couch*, 824 S.W.2d 65, 70 (Mo.App. W.D.1991). The statute reads in pertinent part:

1. Before appointing any other eligible person as guardian of an incapacitated person, or conservator of a disabled person, the court shall consider the suitability of appointing any of the following persons who appear to be willing to serve:

(1) If the incapacitated or disabled person is, at the time of the hearing, able to make and communicate a reasonable choice, any eligible person nominated by him;

(2) Any eligible person nominated in a durable power of attorney executed by the incapacitated or disabled person, or in an instrument in writing signed by the incapacitated or disabled person and by two witnesses who signed at his request, before the inception of his incapacity or disability, at a time within five years before the hearing when he was able to make and communicate a reasonable choice;

(3) The spouse, parents, adult children, adult brothers and sisters and other close adult relatives of the incapacitated or disabled person;

\*  \*  \*  \*  \*  \*

2. Except for good cause shown, the court shall make its appointment in accor-

dance with the incapacitated or disabled person's most recent valid nomination of an eligible person qualified to serve as guardian of the person or conservator of the estate.

In accordance with § 475.050.1(1), the trial court considered Mr. Korman's choice of Joseph to be guardian and conservator. It also considered that Mr. Korman designated Joseph in a durable power of attorney within five years of the hearing. § 475.050.1(2). However, the trial court specifically found good cause to reject Joseph. § 475.050.2. There is substantial evidence to support the trial court's finding and it did not err in refusing to appoint Joseph.

 However, in addition to stating a preference for Joseph, Mr. Korman nominated additional alternate persons. As the trial court noted in its April 15, 1994 docket entry, after Joseph, Mr. Korman named "Charlotte Rohlfing, Don Rohlfing, and Mark Korman in the order preferred." In addition, at that April hearing, Mr. Korman specifically testified that he did not want certain relatives, including William.

The trial court's orders and judgments do not indicate why it did not appoint one of the other three persons Mr. Korman nominated. The record furnished us reflects that Mark Korman is Joseph's son. Understandably, if the trial court found Joseph unsuitable, it might conclude that his son should not be appointed.

However, nothing in the partial transcript and record furnished us indicates any disqualification of Charlotte Rohlfing. Although the record indicates she is Mr. Korman's niece, it does not indicate the names of her parents. In view of the fact that Mr. Korman nominated her as his first alternate choice to Joseph, § 475.050.1(1) would appear to require the trial court to consider her before appointing someone else. On the other hand, nothing in the record furnished us indicates that she would be willing to serve.

This proceeding has now been pending for almost four years. Mr. Korman is now deceased. Evidence of family dissension, adverse financial interests, and disharmony is substantial. *Cf. Couch*, 824 S.W.2d at 65–70; *Matter of Conserv. Est. of Moehlenpah,* 763 S.W.2d 249, 265 (Mo.App. E.D.1989). Mr. Korman's estate's best interest would be served by the appointment of the Public Administrator of Gasconade County to wrap up this part of his affairs.

The trial court's judgment appointing William Korman limited guardian and limited conservator is reversed and remanded. Pursuant to Rule 84.14's direction for this court to finally dispose of the case, the Public Administrator of Gasconade County is designated to replace William Korman.

CRAHAN, P.J., and HOFF, J., concur.